1

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

UNITED STATES OF AMERICA        .  CRIMINAL ACTION NO.
                                .  4:09-CR-160-A
V.                              .
                                .  Fort Worth, Texas
JESUS ORTEGA                    .  April 30, 2010
. . . . . . . . . . . . . . . . .
```

## TRANSCRIPT OF PROCEEDINGS
(Sentencing Hearing)
BEFORE THE HONORABLE JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Government: | MR. JOSHUA T. BURGESS<br>United States Attorney's Office<br>801 Cherry Street, Suite 1700<br>Fort Worth, Texas  76102-6897<br>(817) 252-5200 |
| For the Defendant: | MR. J. STEVEN BUSH<br>Attorney at Law<br>Western Union Building<br>314 Main Street, Suite 200<br>Fort Worth, Texas  76102<br>(817) 878-2770 |
| Court Reporter: | MS. ANA P. WARREN<br>U.S. District Court Reporter<br>501 W. 10th Street, Room 201<br>Fort Worth, Texas  76102-3637<br>(817) 850-6681 |

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

***P R O C E E D I N G S***

(Commencing, 9:40 a.m.)

THE COURT:  All right.  In this same case, I'm calling Cause Number 4:09-CR-160-A, Defendant Jesus Ortega, and he's here represented by Mr. Bush.

Let's see.  Your client needs an interpreter as well, Mr. Bush?

MR. BUSH:  That's correct, Your Honor.

THE COURT:  And Mr. Francisco Hernandez is here for that purpose.

Mr. Ortega, state your full name for the record.

DEFENDANT ORTEGA:  Jesus Ortega.

THE COURT:  Okay.  You appeared before me on December 23, 2009, when you pleaded guilty to Count 1 of the superseding indictment in this case and true to the forfeiture allegation in that indictment, and that was done pursuant to a plea agreement that contemplated dismissal of the offense against your client in the original indictment.  I guess the plea was in a superseding indictment?

MR. BUSH:  My recollection, Your Honor --

THE COURT:  Or was that the original indictment?

MR. BUSH:  -- is that there were two counts, and the government was going to dismiss one of the two counts.

THE COURT:  Okay.  For the information of the defendant and the attorneys, I approve the plea agreement, and

1   the judgment and sentence of the Court will be consistent with
2   it.  The offense to which you pleaded guilty was conspiracy to
3   smuggle goods into the United States.
4      Mr. Bush, did you and your client receive in a timely
5   manner the presentence report and the addendum to it?
6            MR. BUSH:  Yes, Your Honor.
7            THE COURT:  Did the two of you read -- were those
8   items read to your client in his language?
9            MR. BUSH:  Yes.
10           THE COURT:  And did the two of you discuss those
11  items in your client's language?
12           MR. BUSH:  Yes, Your Honor.
13           THE COURT:  Okay.  You've made some objections to the
14  presentence report.  You've seen the government's response to
15  those objections and the probation officer's response and my
16  tentative conclusions as to those accepted by the probation
17  officer.  My tentative conclusion is that the objections are
18  without merit.
19     Do you still wish to pursue any of the objections?
20           MR. BUSH:  Objections 1 and 2 are considered to be
21  moot.  The others I don't have any additional evidence or
22  argument to present, but we would like formal rulings from the
23  Court on those.
24           THE COURT:  Okay.  Let's see where we are.
25           MR. BUSH:  I would say you would start with objection

1  Number 3.

2  THE COURT: Okay. I'll overrule objection Number 1
3  for the reason given by the probation officer. Hold on just a
4  minute.

5  (Brief pause in proceedings)

6  THE COURT: The reference in the presentence report
7  to the beginning and ending dates of the conspiracy are not
8  intended to define, as the probation officer pointed out, the
9  beginning and ending period when your client was involved but
10 simply giving an overall description of the conspiracy. So
11 I'll overrule that objection.

12 The probation officer has accepted objection Number 2. So
13 we'll pass on to the next objection, and I'm not persuaded
14 that your client is entitled to a downward adjustment because
15 of his role in the offense. His conduct was not substantially
16 less culpable than the average participant. He hasn't
17 persuaded me he's entitled to a downward departure. So I'll
18 overrule that objection.

19 Objection Number 4, let's see. That's related to
20 objection Number 3?

21 MR. BUSH: Yes, Number 3.

22 THE COURT: So I'll overrule 4 for the same reason.
23 Objection Number 5, I'll overrule that objection. I'm not
24 saying that the Court wouldn't have the power to give
25 probation, but the content of the objection is inadequate. So

1  I'll overrule that.

2  Objection Number -- let's see. That was 5. Objection
3  Number 6 really has to do with -- I agree with the probation
4  officer. The facts set forth in the presentence report would
5  not indicate that the defendant merits a sentence outside the
6  advisory guideline range, but I'll hear, of course, from the
7  defendant and his attorney on that subject.

8  Does that take care of all the objections?

9  MR. BUSH: It does, Your Honor.

10  THE COURT: Okay. There being no further objections
11  to the presentence report, the Court adopts as the fact
12  findings of the Court the facts set forth in the presentence
13  report as modified or supplemented by the addendum and any
14  facts I find from the bench. The Court adopts as the
15  conclusions of the Court the conclusions expressed in the
16  presentence report as modified or supplemented by any
17  conclusions expressed in the addendum and any I've expressed
18  from the bench.

19  The Court concludes that the total offense level is 23.
20  That the Criminal History Category is I. That the
21  imprisonment range is 46 to 57 months. That the supervised
22  release range is two to three years. That the fine range is
23  $10,000 to $100,000, and a special assessment of $100 is
24  mandatory.

25  Okay. At this time you can make whatever statement you

6

1  would like to make on behalf of your client.
2          MR. BUSH:  Has the Court noted the letters that have
3  been submitted to the clerk?
4          THE COURT:  I've read the letters.
5          MR. BUSH:  All right.  Thank you.
6          THE COURT:  And he does have a lot of support I'm
7  impressed with.
8          MR. BUSH:  Thank you, Your Honor.
9     There are members of his family here.
10     Would you stand up, please?
11     That's his brother who is a U.S. Citizen.
12          THE COURT:  Okay.  Thank you for being here.
13          MR. BUSH:  And, basically, the arguments that I would
14  make for leniency in this case are contained in my written
15  filing.  Just so that the Court and my client and his family
16  understand that I'm doing my job, I'm going to summarize those
17  briefly.
18     First of all, under 3553 of Title 18, there are various
19  sentencing factors that you are to look at in addition to the
20  guidelines, although they include the guidelines.  The nature
21  and circumstances of the offense and the history and
22  characteristics of the defendant are certainly very
23  important.
24     As with Mr. Bernardino, my client has a clean record.  He
25  is a U.S. permanent resident.  He did not go to trial, but he

1   chose to plead guilty.  His guilt in this case is based almost
2   entirely on a single incident of helping his brother load the
3   car, one of the three vehicles that went in the caravan down
4   to Mexico.
5       He admitted in the -- when he was arrested a year after
6   that incident that he had done that.  If it had not been for
7   that admission, the government would have had very little, if
8   any, evidence to connect him with the events.  He would have
9   been in the same position as his brother-in-law who was riding
10  in the car with my client who made no similar admission, and
11  maybe there was no similar admission to make.  I don't know,
12  but he wasn't prosecuted in this case.
13      Since the time he has been released under conditions of
14  release, he has been under electronic monitoring.  He has made
15  all of his appointments with me.  He has made no violations
16  that I'm aware of of his conditions of release.  He's
17  continued to work at his employment.
18      Unfortunately, his family, in terror at what happened
19  because of this, has already returned to Mexico, and I think
20  we can assume that if the Court sentences him to prison time
21  or maybe even if the Court doesn't do that, there is a very
22  high likelihood that his green card will be revoked, and he
23  will be sent to Mexico to join his family who are already
24  there.
25      As far as the need to impose the sentence to promote

1    respect for the law and provide just punishment, certainly,
2    that was considered by Congress when they said five years is
3    the maximum for the offense for which he has convicted.  If he
4    had not pleaded guilty, his guideline level would actually
5    have been above the maximum sentence, but because he pleaded
6    guilty, it's less than that.  It's still a severe range of
7    punishment for someone that has never been in trouble with the
8    law before.
9         I don't think the likelihood of recidivism for Mr. Ortega
10   is very high.  This was unusual circumstances where he was
11   sucked into something that he ordinarily would not have been
12   disposed to do on his own.  He stayed in the United States to
13   face the music, although he could have fled to Mexico any time
14   he wanted to do that.  I think he's made it very clear that he
15   wants to be a law-abiding citizen, and he wants to make amends
16   for what happened in this case.  I think the risk of
17   recidivism for him is extremely low.
18        As far as the need to provide educational or vocational
19   training, that can certainly be provided in a correctional
20   environment, but I don't think it needs to be for an
21   extraordinarily long period of time.
22        The Court's aware of the various sentences that are
23   available.  He is statutorily at least eligible for probation,
24   and although I understand that will be problematic, I'm
25   appreciative of the fact that the Court has acknowledged that

1  he's at least eligible for it.
2      As far as the need to avoid sentencing disparities among
3  defendants, you've already sentenced his co-defendant to 78
4  months.  This was someone that did go to trial and obstructed
5  justice.  So I think he certainly deserves a sentence
6  significantly more lenient than that.
7      That's all I have to say on sentencing.  If my client
8  wants to add to what I have said, I would appreciate it if you
9  would afford him that opportunity to speak. the.
10          THE COURT:  Mr. Ortega, you have the right to make
11 any statement or presentation you would like to make on the
12 subject of mitigation, that is, the things you think the Court
13 should take into account in terms of what sentence to impose
14 or on the subject of sentencing more generally, and at this
15 time I'll invite you to do that.
16          DEFENDANT ORTEGA:  My wish is that you give me an
17 opportunity for my kids because I want for them to have an
18 opportunity to study here, and for my mother, she's sick with
19 cancer and depression.  I am the one that supports her with
20 her medicine, and I want for you to give me an opportunity to
21 be with my father.  They just give me knowledge that they are
22 really scared.
23     I beg you, Your Honor, to given me an opportunity.  I've
24 always been a worker, and the money that I make, I make it
25 working.  I hope that you have listened to my words.  Thank

1  you.

2  THE COURT: Well, I think a sentence near the bottom
3  of the advisory guideline range in this case would be an
4  appropriate sentence. I plan to impose a sentence of 48
5  months' imprisonment, which is two months from the bottom of
6  the guideline range and nine months below the top, combine
7  that with a three year term of supervised release that will
8  start when the defendant gets out of prison. Of course, I'm
9  going to include in that the provision that the defendant,
10 once he's released from prison, be turned over by the Bureau
11 of Prisons to an immigration official for deportation. I'm
12 also going to order that the defendant pay a special
13 assessment of $100 at the time of sentencing.

14 I think a sentence of the kind I've described is a
15 reasonable sentence that adequately and appropriately
16 addresses all of the factors that should be considered under
17 the sentencing -- under Section 18 -- I'm sorry, Section
18 3553(a) of Title 18 of the United States Code.

19 So the Court orders and adjudges that the defendant be
20 committed to the custody of the Bureau of Prisons to a serve a
21 term of imprisonment of 48 months. I'm also ordering that the
22 defendant serve a term of supervised release. It will be a
23 term of three years. The conditions of that supervised
24 release will be one that is pursuant to 18, United States
25 Code, Section 3583(d). As a condition of supervised release,

1  once the defendant has completed his sentence of imprisonment,
2  he shall be surrendered by the Bureau of Prisons to a duly
3  authorized immigration official for deportation in accordance
4  with the established procedures provided by the Immigration
5  and Nationality Act.  As a further condition of supervised
6  release, if the defendant is ordered deported, he shall remain
7  outside the United States.  In the event the defendant is not
8  deported immediately upon release from imprisonment or should
9  he ever be within the United States during any portion of his
10 term of supervised release, he shall comply with the standard
11 conditions that have been set forth in the judgment and
12 conviction of sentence and the following additional
13 conditions:
14    He shall not possess illegal controlled substances.  He
15 shall not commit another federal, state, or local crime.  He
16 shall cooperate in the collection of DNA as directed by the
17 probation officer and as authorized by the Justice For All Act
18 of 2004.
19    I'm also ordering that the defendant pay a special
20 assessment of $100.  That's payable immediately to the United
21 States of America through the office of the United States
22 Clerk.
23    Let's see.  Does the government have a motion to make?
24       MR. BURGESS:  Yes, Your Honor.  I move to dismiss any
25 remaining counts as they apply to this defendant, including

1 | the forfeiture count.
2 |     THE COURT: Okay. And I order that dismissal as to
3 | this defendant only.
4 |   Mr. Ortega, you have the right to appeal from the sentence
5 | I've imposed if you're dissatisfied with it. That appeal
6 | would be to the United States Court of Appeals for the Fifth
7 | Circuit. You have the right to appeal in forma pauperis.
8 | That means without any cost to you if you qualify for it, and
9 | presumably you would. You have the right to have the clerk of
10 | the Court file a notice of appeal for you, and the clerk will
11 | do that forthwith if you specifically request it.
12 |   You and your attorney have been given a form that outlines
13 | certain rights and obligations in reference to an appeal. If
14 | you haven't already done so, I want the two of you to review
15 | it in your language, and once both of you are satisfied you
16 | understand it, I want both of you to sign it and return it to
17 | the Court coordinator.
18 |   Has that been done?
19 |     MR. BUSH: Yes, Your Honor. May I approach?
20 |     THE COURT: Yes, you may.
21 |   Okay. The defendant is ordered into custody, and Mr. Bush
22 | is excused.
23 |     MR. BUSH: Thank you.
24 |   (End of proceedings, 10:00 a.m.)
25 |                               -oOo-

13

1                              CERTIFICATE

2      I certify that the foregoing is a correct transcript from
  the record of proceedings in the above-entitled matter, and
3  that the transcript was prepared by me and under my
  supervision.
4
  s/  Ana P. Warren                         July 9, 2010
5  Ana P. Warren, CSR #2302                    Date
  U.S. District Court Reporter
6

7                                -oOo-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25