```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
 2                      FORT WORTH DIVISION

 3

 4  UNITED STATES OF AMERICA        (  4:09-CR-160-A
                                    (
 5  VERSUS                          (  FORT WORTH, TEXAS
                                    (
 6  JESUS ORTEGA                    (  DECEMBER 23, 2009

 7

 8             TRANSCRIPT OF REARRAIGNMENT
           BEFORE THE HONORABLE JOHN MCBRYDE
 9              UNITED STATES DISTRICT JUDGE

10

11

12      A P P E A R A N C E S:

13

14  FOR THE GOVERNMENT:        JOSHUA T. BURGESS - DOJ
                               Assistant United States Attorney
15                             801 Cherry Street
                               Burnett Plaza, Suite 1700
16                             Fort Worth, Texas  76102-6882
                                    817.252.5227
17

18  FOR THE DEFENDANT:         J. STEVEN BUSH
    ORTEGA                     Attorney at Law
19                             Western Union Building
                               314 Main Street, Suite 200
20                             Fort Worth, Texas  76201
                                    817.878.2770
21

22  INTERPRETER:              FRANCISCO HERNANDEZ

23

24  COURT REPORTER:           RANDY M. WILSON, C.S.R.
                              1100 Commerce Street, Room 1625
25                            Dallas, Texas 75242
                                   214.766.9150
```

1          P R O C E E D I N G S:

2              THE COURT:  I'll call now Number

3      4:09-CR-160-A.  It's United States of America versus Jesus

4      Ortega.

5          Mr. Burgess is here for the government.

6          And Mr. Bush is here for the defendant.

7          (Francisco Hernandez, Interpreter, previously sworn.)

8              THE COURT:  And Mr. Hernandez is here as the

9      interpreter.

10         Mr. Ortega, why don't I get some information about you

11     personally before we go any further.

12         What is your age and date of birth?

13             DEFENDANT ORTEGA:  28 years old.

14     xxxxxxxxxx,xx,xxxx.

15             THE COURT:  And how far did you go in school?

16             DEFENDANT ORTEGA:  In Mexico, I went to the --

17     11 years in Mexico, and one here in the United States.

18             THE COURT:  Did you graduate from high school?

19             DEFENDANT ORTEGA:  Yes.

20             THE COURT:  What high school did you graduate

21     from?

22             THE INTERPRETER:  Oh, he went to the seventh

23     grade in Mexico, and went -- here went to the ten grade.  No.

24     He's not graduated from high school.

25             THE COURT:  You went to the tenth grade in

1    high school?

2                    DEFENDANT ORTEGA:  The tenth grade, yes.  Yes.

3                    THE COURT:  Where did you go to high school

4    here in the United States?

5                    DEFENDANT ORTEGA:  Here in Fort Worth.

6                    THE COURT:  What high school did you go to?

7                    DEFENDANT ORTEGA:  Arlington Heights.

8                    THE COURT:  Are you -- what kind of work have

9    you been doing?

10                    DEFENDANT ORTEGA:  Yard work, construction,

11    and painting.

12                    THE COURT:  Are you currently under the care

13    of a physician or a psychiatrist?

14                    DEFENDANT ORTEGA:  No.

15                    THE COURT:  Have you ever been hospitalized or

16    treated for narcotics addiction or alcoholism?

17                    DEFENDANT ORTEGA:  No.

18                    THE COURT:  As far as you -- you're concerned,

19    do you suffer from any kind of an emotional or mental

20    disability or problem?

21                    DEFENDANT ORTEGA:  No.

22                    THE COURT:  Are you now under the influence of

23    alcohol or any kind of drug?

24                    DEFENDANT ORTEGA:  No.

25                    THE COURT:  Do you consider that you're of

1    sound mind?

2                    DEFENDANT ORTEGA:  Yes.

3                    THE COURT:  You understand that you're here

4    today with the intent to plead guilty to the offense charged

5    by count 1 of a superseding indictment, and that's the

6    offense of conspiracy to smuggle goods from the United

7    States.

8        Do you understand that that's what you intend to do here

9    today?

10                    DEFENDANT ORTEGA:  Yes.

11                    THE COURT:  Do you have any reason to think,

12   Mr. Bush, that your client's not fully competent to enter

13   such a plea?

14                    MR. BUSH:  No reason, Your Honor.

15                    THE COURT:  Or that such a plea would not be a

16   knowing and voluntary plea?

17                    MR. BUSH:  No reason, Your Honor.

18                    THE COURT:  You have received a copy of the

19   superseding indictment in this case and have read it?

20                    DEFENDANT ORTEGA:  Yes.

21                    THE COURT:  And do you understand exactly what

22   you're charged with in count 1, that is, conspiracy to

23   smuggle goods from the United States?

24                    DEFENDANT ORTEGA:  Yes.

25                    THE COURT:  I ask you if you read it.  Was the

1  indictment read to you in your language?

2              DEFENDANT ORTEGA:  Yes.

3              THE COURT:  Unless there's a waiver of the

4  reading of it, I'm going to have it read aloud at this time.

5              MR. BUSH:  We'll waive that, Your Honor.

6              THE COURT:  Okay.  I have some documents that

7  have been handed up to me that appear to bear your signature.

8  I'm going to hold them up so you can see what I'm talking

9  about.  There are three of them that look like you signed

10  them.  I'm going to hold up two of them now.

11      One is called a plea agreement.  And the other is called

12  a factual resume.

13      Do you see these documents?

14              DEFENDANT ORTEGA:  Yes.

15              THE COURT:  Did you sign both of those

16  documents?

17              DEFENDANT ORTEGA:  Yes.

18              THE COURT:  And the third one is called a

19  cooperation agreement, and it's been marked Government's

20  Exhibit 1.  I'll hold it up so you can see what I'm talking

21  about.

22      Do you see that document?

23              DEFENDANT ORTEGA:  Yes.  It was read to me.

24  Yes, I signed it.

25              THE COURT:  Okay.  You see what I'm talking

1    about?

2                    DEFENDANT ORTEGA:   Yes.

3                    THE COURT:   Okay.  Did you sign all three of

4    these documents I held up:   The plea agreement and the

5    factual resume and the cooperation agreement?

6                    DEFENDANT ORTEGA:   Yes.

7                    THE COURT:   And were each one of them read to

8    you in your language before you signed it?

9                    DEFENDANT ORTEGA:   Yes.

10                   THE COURT:   And did you understand what each

11   of those documents said before you signed it?

12                   DEFENDANT ORTEGA:   Yes.

13                   THE COURT:   And did you understand the legal

14   meaning of each of those documents before you signed it?

15                   DEFENDANT ORTEGA:   Yes.

16                   THE COURT:   Did you discuss the legal meaning

17   with your attorney as to each of those documents before you

18   signed the document?

19                   DEFENDANT ORTEGA:   Yes.

20                   THE COURT:   Well, you understand the next

21   thing I'm going to go over with you then, because it's in

22   this factual resume, but it's important enough I'm going to

23   review it with you again.

24       These are the things that the government would have to

25   prove to a jury beyond a reasonable doubt if you were to

```
 1    persist in your plea of -- has he pleaded to the superseding
 2    indictment yet?
 3                    MR. BURGESS:  He's pleading to the original
 4    indictment, Your Honor.
 5                    THE COURT:  He hadn't pleaded to the
 6    superseding indictment?
 7                    MR. BURGESS:  No, Your Honor.
 8                    MR. BUSH:  Can we stop for a moment?
 9        My understanding is he was pled to the superseding
10    indictment while I was on vacation.
11        Did that happen or did that not happen?
12                    THE COURT:  Well, I can't tell you.
13                    MR. BURGESS:  Oh, I'm sorry.  Do you mean
14    arraigned on -- he was arraigned, yes.  I thought you meant
15    is he pleading in this case.
16                    MR. BUSH:  We're pleading on the original
17    indictment.  Is that what you're saying?
18                    MR. BURGESS:  Yes.  But he was arraigned on
19    the superseding indictment, Your Honor.
20                    MR. BUSH:  Okay.
21                    THE COURT:  The plea of guilty is to the
22    original indictment?
23                    MR. BUSH:  That wasn't clear to me, and --
24                    THE COURT:  Well, I have been assuming it was
25    the superseding indictment all along.
```

1    MR. BUSH:  I had been assuming it was the
2  original indictment because the other event occurred after I
3  had left town.
4    So Mr. Burgess' understanding is correct -- consistent
5  with my understanding and my client's understanding.  And I
6  wanted to make sure that it was not the superseding
7  indictment that he was pleading guilty to.
8    THE COURT:  Well, I think a minute ago I asked
9  him something about the superseding indictment.
10    MR. BUSH:  It may have slipped by, and I may
11  not have thought about it when you asked the question, but my
12  understanding is he's pleading to the original.
13    THE COURT:  Okay.  Well, let me be sure.  Let
14  me go back then.
15    Do you happen to have the original indictment,
16  Mr. Fleury?
17                    (Pause.)
18    THE COURT:  You did receive the original
19  indictment in this case, and it was read to you in your
20  language, Mr. Ortega?
21    DEFENDANT ORTEGA:  Yes.
22    THE COURT:  And you understand what you were
23  charged with in the count 1 of that indictment, that is,
24  conspiracy to smuggle goods from the United States?
25    DEFENDANT ORTEGA:  Yes.

1          THE COURT:  Okay.  I'm going to have it read

2     aloud unless there's a waiver of the reading of that, the

3     original indictment.

4          MR. BUSH:  We -- it was read fully to him at

5     the arraignment, judge, so it will not need to be read at

6     this time.  We'll waive that.

7          THE COURT:  Okay.

8     Now, what I'm getting ready to go over, you pleaded not

9     guilty to that offense.  If you persist in that plea, for the

10    government to -- to cause you to be convicted of the offense

11    charged by count 1 of the superseding indictment, the

12    government would have to prove to a jury beyond a reasonable

13    doubt the things I'm getting ready to go over at this time.

14         First, that you and at least one other person made an

15    agreement to commit the crime of smuggling goods from the

16    United States as that crime is described in 18 United States

17    Code, Section 554, as charged in count 1 of the indictment.

18         The second thing the government would have to prove is

19    that you knew the unlawful purpose of that agreement and

20    joined in it willfully, that is, with the intent to further

21    the unlawful purpose.

22         And, third, that one of the conspirators during the

23    existence of that conspiracy knowingly committed at least one

24    of the overt acts described in the indictment in order to

25    accomplish some object or purpose of the conspiracy.

1           Now, do you understand those are the things the

2     government would have to prove to a jury beyond a reasonable

3     doubt to cause you to be convicted of the offense charged by

4     count 1 of the indictment if you were to persist in your plea

5     of not guilty to it?

6                     DEFENDANT ORTEGA:  Yes.

7                     THE COURT:  Now, I want to be sure you

8     understand what has to be proved for there to be an offense

9     of the kind described in 18 United States Code, Section 554,

10    which I mentioned a minute ago.  For such an offense to

11    exist, these elements would have to be established.

12          First, that the defendant fraudulently and knowingly

13    concealed, bought, or facilitated the transportation,

14    concealment, and sale prior to the export from the United

15    States of merchandise, articles, and objects, that is,

16    firearms.

17          Second, that those articles were listed on the United

18    States Munitions List at the time of the offense.

19          Third, that the defendant failed to obtain a license

20    from the United States Department of State before the

21    exporting or attempting to export the defense articles as

22    required by 28 U.S.C., Sec. 2778.

23          And, fourth, that the defendant acted willfully.

24          Do you understand that what I just went over are the

25    things the government would have to prove to establish the

offense that is described in 18 United States Code, Section

554?

DEFENDANT ORTEGA:  Yes.

THE COURT:  And do you admit that those --

those factors exist as to you?

DEFENDANT ORTEGA:  Yes.

THE COURT:  You have your attorney, Mr. Bush,

with you.  Are you satisfied with the legal representation

he's given you?

DEFENDANT ORTEGA:  Yes.

THE COURT:  Do you have any complaint

whatsoever with him as your attorney?

DEFENDANT ORTEGA:  No.  Everything is okay.

THE COURT:  Pardon?

THE INTERPRETER:  No.  Everything is okay.

THE COURT:  Okay.  I take it, Mr. Bush, that

the willingness of your client to plead guilty results from

prior discussions between the two of you, on the one hand,

and the attorney for the government, on the other?

MR. BUSH:  That's correct, Your Honor.

THE COURT:  And that those discussions

resulted in the plea agreement I mentioned a minute ago?

MR. BUSH:  That's correct.

THE COURT:  Okay.  I'm going to ask that it be

read aloud at this time.

1          MR. BURGESS:  Plea agreement.

2      Jesus Ortega, the defendant; the defendant's attorney;

3  and the United States of America, the government, agree as

4  follows:

5      Rights of the Defendant.

6      Ortega understands that he has the right to plead not

7  guilty, to have a trial by jury, to have his guilt proven

8  beyond a reasonable doubt, to confront and cross-examine

9  witnesses, and to call witnesses in his defense, and against

10 compelled self-incrimination.

11     Waiver of Rights and Plea of Guilty.

12     Ortega waives these rights and agrees to plead guilty to

13 the offense alleged in count 1 of the indictment charging

14 conspiracy to smuggle goods from the United States, in

15 violation of 18 U.S.C., Section 371.

16     Ortega understands the nature and elements of the crime

17 to which he is pleading guilty and agrees that the factual

18 resume he has signed is true and will be submitted as

19 evidence.

20     Sentence.

21     On count 1 of the indictment charging conspiracy to

22 smuggle goods from the United States, in violation of 18

23 U.S.C., Section 371, the court may impose the following

24 penalties:

25     Imprisonment for a period of time for not more than five

years;

A fine not to exceed $250,000 or twice the amount of criminally derived property involved in the transaction;

A term of supervised release of not more than three years, which may be mandatory under the law and which will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

A mandatory special assessment of $100;

Forfeiture of money and property;

Costs of incarceration and supervision.

THE COURT:  Let me stop you there a minute.

Mr. Ortega, you've just heard read the penalties that can be imposed on somebody who is convicted of the offense charged by count 1 of the indictment in this case, that is, the offense of conspiracy to smuggle goods from the United States.

Do you realize that if you're convicted of that offense, you're -- you're subject to being sentenced to a term of imprisonment of five years; plus, being required to pay a fine of $250,000; plus, being required to serve a term of supervised release of three years, and that would start when you get out of prison; plus, being required to pay a special assessment of $100, that would be payable at the time of sentencing; plus, you would be subject to having your

1    interest in the -- the property that's described in the

2    forfeiture allegation of the indictment forfeited.

3         Now, do you understand -- and, plus, if you were to

4    violate any condition of that supervised release I mentioned

5    a minute ago, you could be sent back to prison and could be

6    required to serve another term of imprisonment that could be

7    as long as your term of supervised release.

8         Now, do you understand you're subjecting yourself to all

9    those penalties and punishments by a plea of guilty?

10                   DEFENDANT ORTEGA:   Yes.

11                   THE COURT:   Okay.

12        You can continue on with the reading.

13                   MR. BURGESS:   Court Sentencing Discretion and

14   Role of the Guidelines.

15        Ortega understands that the sentence in this case will

16   be imposed by the court after consideration of the United

17   States Sentencing Guidelines.   The guidelines are not binding

18   on the court but are advisory only.

19        Ortega has reviewed the guidelines with his attorney but

20   understands no one can predict with certainty the outcome of

21   the court's consideration of the guidelines in this case.

22        Ortega will not be allowed to withdraw his plea if the

23   sentence is higher than expected.

24        Ortega fully understands that the actual sentence

25   imposed, so long as it is within the statutory maximum, is

1    solely in the discretion of the Court.

2         Defendant's Cooperation.

3         Ortega agrees to cooperate with the government by giving

4    truthful and complete information and/or testimony in any

5    proceeding regarding his knowledge of any violation of the

6    law of the United States occurring in the Northern District

7    of Texas and elsewhere.

8         Ortega shall submit a personal financial statement under

9    oath and submit to interviews by the government and the U.S.

10   Probation Office regarding his capacity to satisfy any fines

11   or restitution.  The government will advise of the court of

12   the extent of Ortega's cooperation.

13        Government's Agreement.

14        The government will not bring any additional charges

15   against Ortega based upon the conduct underlying and related

16   to Ortega's plea of guilty.  If Ortega has provided

17   substantial assistance in the investigation or prosecution of

18   others, the government may file a motion urging sentencing

19   consideration for the assistance.  Whether and to what extent

20   to grant the motion are solely -- are matters solely within

21   the court's discretion.

22        The government will dismiss after sentencing any

23   remaining charges in this or any superseding indictment.

24        Violation of Agreement.

25        Ortega understands that if he violates any provision of

this agreement or if his guilty plea is vacated or withdrawn the government will be free from any obligations of the agreement and free to prosecute Ortega for all offenses of which it has knowledge.  In such event Ortega waives any objections based upon delay in prosecution.

If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Ortega also waives objection to the use against him of any information or statements he has provided to the government and any resulting leads.

Voluntary Plea.

The plea of guilty is freely and voluntarily made and is not the result of force or threats or of promises apart from those set forth in the plea agreement.  There have been no guarantees or promises from anyone as to what sentence the court will impose.

Forfeiture of Property.

The defendant agrees to forfeit all rights, title, and interest in the following property to the United States of America:

The real property at 6209 Roberts Lane, Cleburne, Johnson County, Texas, described as being 4.811 acres, more or less, tract of land out of the S. Kensey Survey, Abstract Number 475, Johnson County, Texas, and more particularly described as the real property conveyed by Stephen J. Perry

and Diana L. Perry to Ramon Godinez by warranty deed with
vendor's lien on July 20, 2007, recorded with the Johnson
County Clerk on July 30th, 2007.

2008 Dodge Ram, VIN 3D6WC66A08G148431 and bearing
Oklahoma license plate 180-BXC.

2003 Ford F550, VIN 1FDAF56P53EC75452 and bearing
Oklahoma license plate 073-BAZ.

2007 Chevrolet box truck.  There are two of those.

The first VIN number is 1GVHG31U871160895.  The other is
1GBHG31V07181295.

Six Colt Law Enforcement Carbine 5.56 rifles, model
LE6920.  Serial numbers LE074662, LE073524, LE074412, LE05 --
LE073210, LE068877, and LE073371.

One Colt, model 02091, El Jefe, .38 caliber, serial
number 38SS04015.

One hundred rounds of Lake City, .50 caliber ammunition.

Eight, PTR, model KMF4, .308 carbines, seized from the
home of Gustavo Ortega on or about July 14, 2009.

The defendant agrees that the above-described property
was merchandise attempted to be exported or sent from the
United States in violation of 18 U.S.C., Sections 554 and
2278, as alleged in count 1, was used to facilitate the
attempted exporting or sending of such merchandise or the
receipt, purchase, transportation, concealment, or sale of
such merchandise prior to exportation, in violation of 18

U.S.C., Sections 554 and 2278, as alleged in count 1.

The defendant agrees the forfeiture of the above-described property to the United States of America as a result of his conviction for the offense pursuant to 19 U.S.C., Section 1595(a)(D) in conjunction with 28 U.S.C., Section 2461(c).

The defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 732.2 and/or 43(a) of the federal rules of criminal procedure regarding the forfeiture proceedings, including notice through a forfeiture allegation.

The defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be imposed in this case and waives any requirement of the court to advise him of the same pursuant to Rule 11(b)(1)(J) of the federal rules of criminal procedure.

The defendant agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property.

The defendant waives all challenges, constitutional, statutory, habeas, et cetera, to the forfeitures of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture,

storage, and disposal of the above-described property.

Further, the defendant agrees not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or judicial, civil or criminal, forfeiture to the United States of America of any property, real or personal, alleged as subject to forfeiture in the indictment or seized or restrained by law enforcement agents during the investigation related to the indictment.

He agrees this property is subject to forfeiture pursuant to 19 U.S.C., Section 1595(a)(D); 21 U.S.C., Section 881(a); 21 U.S.C., Section 853(a); and/or 18 U.S.C., Section 924(d), whichever is applicable.

Representation of Counsel.

Ortega has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.

Ortega has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.

Because he concedes that he is guilty and after conferring with his lawyer, Ortega has concluded that it is in his best interest to enter into this plea agreement and all of its terms rather than to proceed to trial in this

1    case.

2         Limitation of the Agreement.

3         This agreement is limited to the United States of

4    America Attorney's Office for the Northern District of Texas

5    and does not bind any other federal, state, or local

6    prosecuting authorities, nor does it prohibit any civil or

7    administrative proceedings against Ortega or any property.

8         Entirety of the Agreement.

9         This document is a complete statement of the parties'

10   agreement and may not be modified unless the modification is

11   in writing and signed by all parties.

12        It was agreed to and signed this 22nd day of December,

13   2009.

14              THE COURT:  Mr. Ortega, you've heard the plea

15   agreement read.

16        Are those all of the terms of your plea agreement with

17   the government?

18              DEFENDANT ORTEGA:  Yes, sir.

19              THE COURT:  And did you voluntarily and of

20   your own free will enter into that plea agreement?

21              DEFENDANT ORTEGA:  Yes.

22              THE COURT:  Other than that plea agreement and

23   this cooperation agreement I mentioned a minute ago,

24   Government Exhibit 1, other than those two agreements, do you

25   have any deal or understanding or agreement of any kind with

1    the government.

2                    DEFENDANT ORTEGA:  No.

3                    THE COURT:  Other than the plea agreement that

4    was just read has anyone made any promise or assurance to you

5    of any kind in an effort to induce you to enter a plea of

6    guilty in this case?

7                    DEFENDANT ORTEGA:  No.

8                    THE COURT:  Has anyone mentally, physically,

9    or in any other way attempted in any way to force you to

10   plead guilty in this case?

11                   DEFENDANT ORTEGA:  No.

12                   THE COURT:  Do you understand that if you

13   plead guilty and if that plea is accepted by the court, you

14   will be adjudged guilty of the offense charged by count 1 of

15   the indictment, and if you plead true to the forfeiture

16   allegation, you'll be subjecting your interest in the

17   property described in the forfeiture allegation to forfeiture

18   to the government.  And if you plead guilty, your punishment

19   will be assessed somewhere within the range of punishment

20   provided by statute and your sentence will be within the

21   range provided by statute?

22       Do you understand all those things?

23                   DEFENDANT ORTEGA:  Yes.

24                   THE COURT:  And do you understand that if you

25   plead guilty and then end up receiving a sentence that's more

1  severe than you hoped it would, you'll still be bound by your

2  plea of guilty and won't have a right to withdraw it?

3           DEFENDANT ORTEGA:  Yes.

4           THE COURT:  With the knowledge you now have,

5  how do you plead to the offense charged by count 1 of the

6  indictment, guilty or not guilty?

7           DEFENDANT ORTEGA:  Guilty.

8           THE COURT:  With the knowledge you now have,

9  how do you plead to the forfeiture allegations in the

10  indictment, true or not true?

11           DEFENDANT ORTEGA:  It's true.

12           THE COURT:  Are those pleas consistent with

13  your advice to your client, Mr. Bush?

14           MR. BUSH:  They are, Your Honor.

15           THE COURT:  Okay.  I'll accept those pleas on

16  condition that there's a factual basis to support them.

17       And at this time I'll ask that the stipulation of facts

18  be read aloud.

19           MR. BURGESS:  From on or about June 14th,

20  2006, until at least October 21st, 2009, in the Fort Worth

21  Division of the Northern District of Texas and elsewhere, the

22  defendant, along with Daniel Bernardino, did knowingly and

23  willfully combine, conspire, confederate, and agree together

24  and with each other and with others known and unknown to

25  commit offenses against the United States, including

violation of 18 U.S.C., Section 554(a), that is, to
fraudulently and knowingly export and send from the United
States and attempt to export and send from the United States
any merchandise, object, and article contrary to law and
regulation of the United States, that is, firearms and
ammunitions and to receive, conceal, buy, sell, and in any
other manner facilitate the transportation, concealment, and
sale of said firearms and ammunition prior to exportation,
knowing the same to be intended for exportation contrary to
any law or regulation of the United States, specifically 22
U.S.C., Section 2778.

On or about December 9, 2008, the defendant, along with
Alberto Ortega and Daniel Bernardino, was stopped
approximately 25 miles from the United States border with
Mexico.  The defendant was part of a three car caravan of
vehicles driving to Mexico.  Hidden inside the white 1990 --
1999 Chevrolet van, driven by Alberto Ortega, were 33
firearms and approximately 9000 rounds of ammunition.  The
defendant had helped to hide the guns and the ammunition in
the van.  The defendant admits that these weapons were listed
as prohibited weapons in the United States Munitions List.
The defendant knew that the weapons in the van were intended
to be illegally and wrongfully exported to Mexico.

THE COURT:  Mr. Ortega, you've heard the
stipulated facts read.

1      Are all those facts true?

2                DEFENDANT ORTEGA:   Yes.

3                THE COURT:   Are they consistent with your

4      understanding of the true facts, Mr. Bush?

5                MR. BUSH:   They are.

6                THE COURT:   Okay.  I'll order that the factual

7      resume be filed.  And I'm also considering this cooperation

8      agreement we talked about earlier as a part of the record of

9      this case.

10          The court finds in the case of United States of America

11     versus Jesus Ortega that the defendant is fully competent and

12     capable of entering an informed plea and that his plea of

13     guilty to the count 1 of the indictment and his plea of true

14     to the forfeiture allegations in the indictment were knowing

15     and voluntary pleas supported by an independent basis in fact

16     containing each of the essential elements of the offense

17     charged by count 1 of the indictment.  And that such pleas

18     did not result from force, threats, or promises other than

19     those set forth in the plea agreement.

20          His plea of guilty is therefore accepted, and he is now

21     adjudged guilty of the offense charged in count 1 of the

22     indictment, and his plea of true is accepted.  And the

23     property described in the forfeiture allegation in the

24     indictment -- his interest in the properties described in the

25     forfeiture allegations in the indictment are subject to

1    forfeiture.

2         Okay.  The defendant is remanded to custody.

3         And the attorneys are excused.

4                   MR. BURGESS:  Your Honor, this defendant was

5    out on conditions of release.

6                   THE COURT:  Oh.

7                   MR. BURGESS:  And --

8                   THE COURT:  What's the government's thought as

9    to whether he should be permitted to stay out on conditions

10   of release?

11                  MR. BURGESS:  Your Honor, we would stipulate

12   that facts are sufficient to conclude that the defendant is

13   not a flight risk nor a danger to the community.

14                  THE COURT:  Well, it has to be clear and

15   convincing evidence that he's not before I release him.

16                  MR. BURGESS:  We would stipulate the facts are

17   sufficient to conclude by clear and convincing evidence that

18   he is not a fight risk nor a danger to the community, Your

19   Honor.

20                  THE COURT:  Okay.

21        Mr. Ortega, I'm going to let you remain free between now

22   and sentencing, but you'll still be subject to all the

23   conditions of release that Judge Ramirez fixed -- Magistrate

24   Judge Ramirez fixed when you appeared before her on October

25   26, 2009.

```
 1          Do you remember all those conditions you were subject
 2    to?
 3               DEFENDANT ORTEGA:  Yes, sir.
 4               THE COURT:  And you're also going to be
 5    subject to another condition that I'm going to tell you about
 6    now.
 7          It's -- referring to the form that Judge Ramirez used in
 8    fixing the conditions she fixed is condition 7(p), and that
 9    is that you shall refrain from the use or unlawful possession
10    of a narcotic drug or other controlled substances defined in
11    21 United States Code, Section 802, unless prescribed by a
12    licensed practitioner.
13          Do you understand that condition I'm adding?
14               DEFENDANT ORTEGA:  The only thing that I take
15    is Advil because sometimes I have a headache.
16               THE COURT:  Okay.  You take aspirin?
17               THE INTERPRETER:  Advil.
18               THE COURT:  Advil.  Well, I don't think that
19    applies to that.
20          But do you understand the condition I'm adding?
21               DEFENDANT ORTEGA:  Yes.
22               THE COURT:  Okay.  Now, are you willing to
23    live up to all the conditions that Judge Ramirez fixed when
24    she signed the order on October 26 and the added condition
25    that I've just told you about?
```

```
 1                    DEFENDANT ORTEGA:  Yes.
 2                    THE COURT:  Okay.  Well, I'm going to let you
 3      remain free for the time being subject to those conditions.
 4           So the defendant and, Mr. Bush, you're excused.
 5           And you're excused, Mr. Burgess.
 6                    MR. BURGESS:  Thank you, Your Honor.
 7                         (End of proceeding.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

I, RANDY M. WILSON, CSR, certify that at the time of electronic filing the foregoing is a true and correct, to the best of my abilities, of the pages of the stenographic notes provided to me by the court of the proceedings taken at the date and time previously stated in the foregoing entitled matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken and further I am not financially or otherwise interested in the outcome of the action.

I certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.

This the 6th day of December, 2010.

s/RANDY M. WILSON

_____
RANDY M. WILSON, CSR
Official Court Reporter
The Northern District of Texas
Dallas Division

RANDY M. WILSON
UNITED STATES DISTRICT COURTS 214-766-9150